UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FIDELITY & DEPOSIT CO. OF MARYLAND		CIVIL ACTION NO. 17-cv-1345

VERSUS		JUDGE JAMES

BLOUNT BROS. CONSTRUCTION,		MAGISTRATE JUDGE HORNSBY
LLC, ET AL

**MEMORANDUM ORDER**

Fidelity & Deposit Company of Maryland ("F&D") filed this civil action based on an assertion of diversity jurisdiction, which places the burden on F&D to allege specific facts that show there is complete diversity of citizenship. The original complaint, for the reasons set forth below, does not meet that burden. F&D will need to file an amended complaint or have some of the defendants set forth detailed allegations of their citizenship in their answer or other filing.

F&D properly alleges its own citizenship and that of one corporate and one individual defendant, but more information is needed with respect to the four LLC defendants. The citizenship of an LLC is determined by the citizenship of all of its members. <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. <u>Feaster v. Grey Wolf Drilling</u>

Co., 2007 WL 3146363 (W.D. La. 2007); Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

The need for such detail was demonstrated by Mullins v. TestAmerica, Inc., 300 Fed. Appx.259 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership, the citizenship of which is determined by the same rules applicable to an LLC. The Court turned to the merits only after the citizenship had been traced, with specificity, "down the various organizational layers" and in accordance with the rules that apply to the various forms of entities. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009).

F&D alleges as to each of the LLCs that their "members are citizens of the State of Louisiana and of this judicial district." The Mullins opinions make clear that such general allegations that all members or partners are of diverse citizenship, without factual specificity, are not sufficient. This court has seen cases where the parties were confident there was diversity because "all members of the LLC are citizens of" diverse states, but diversity and subject matter jurisdiction unraveled when the court required the parties to allege citizenship in detail. The need to establish citizenship with specificity at an early stage of the case was recently emphasized in Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d

plaintiff did not properly plead citizenship in the district court.[1]

The court realizes that F&D may not yet have access to information about the membership in the defendant LLCs, so the court will not set a deadline at this time. Parties in the defendants' position ordinarily provide the citizenship information voluntarily, and they are directed to do so in this case so that this preliminary issue may be resolved as quickly and efficiently as possible. If the defendants will not provide F&D the information voluntarily or set it forth in their answers, F&D may conduct discovery limited to the citizenship issues.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of October, 2017.

Mark L. Hornsby
U.S. Magistrate Judge

---

[1] Settlement Funding stated, "The Wentworth Parties' removal notice failed to allege complete diversity because it did not adequately allege the citizenship of every party; that is, it failed to allege the citizenship of each member of the many LLC- and partnership-litigants. A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation."